UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IK HO CHOI, individually and on behalf of all others similarly situated<br><br>                  Plaintiff,<br><br>      v.<br><br>HOME & HOME CORP., GI JOON KEY, and IN YONG LEE,<br><br>                  Defendants. | Civil Action No.: 17-5400 (ARR-SMG)<br><br>**ANSWER TO COMPLAINT** |

By way of Answer to the Complaint, Defendant, Home & Home Corporation ("Home & Home"), through its undersigned attorneys, Pashman Stein Walder Hayden, a Professional Corporation, states as follows:

### INTRODUCTION

1. The allegations of Paragraph 1 assert conclusions of law to which no response is required. To the extent a response is required, Home & Home admits that Plaintiff makes certain allegations and that he purports to assert claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Except as so stated, Home & Home denies the allegations of said Paragraph.

2. The allegations of Paragraph 2 assert conclusions of law to which no response is required. To the extent a response is required, Home & Home admits that Plaintiff makes certain

allegations and that he purports to assert claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Except as so stated, Home & Home Corporation denies the allegations of said Paragraph.

3. The allegations of Paragraph 3 assert conclusions of law to which no response is required. To the extent a response is required, Home & Home admits that Plaintiff purports to assert claims under the FLSA. Except as so stated, Home & Home Corporation denies the allegations of said Paragraph.

4. The allegations of Paragraph 4 assert conclusions of law to which no response is required. To the extent a response is required, Home & Home admits that Plaintiff purports to assert claims under the NYLL. Except as so stated, Home & Home Corporation denies the allegations of said Paragraph.

## JURISDICTION AND VENUE

5. In response to Paragraph 5 of the Complaint, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required.

6. In response to Paragraph 6 of the Complaint, Home & Home admits that it regularly conducts business in this District. Except as so stated, Home & Home denies the allegations of said Paragraph.

## PLAINTIFF

2

7. In response to Paragraph 7 of the Complaint, Home & Home admits that Plaintiff was employed by Home & Home at 3185 Whitestone Expressway, Flushing, New York 11354 and was hired in 2006. Except as so stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said Paragraph.

### DEFENDANTS

8. In response to Paragraph 8, Home & Home admits that it owns and operates a store in Queens County located at 3185 Whitestone Expressway, Flushing, NY 11354. Except as so stated, Home & Home denies the allegations of said Paragraph.

9. In response to Paragraph 9, Home & Home states that the allegations of said Paragraph are not susceptible of answer because they do not identify a time period and, therefore, Defendant denies the allegations of said Paragraph.

10. In response to Paragraph 10, Home & Home denies the allegations of said Paragraph.

11. In response to Paragraph 11, Home & Home denies the allegations of said Paragraph.

12. In response to Paragraph 12, Home & Home denies the allegations of said Paragraph.

13. In response to Paragraph 13, Home & Home denies the allegations of said Paragraph.

14. In response to Paragraph 14, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

15. In response to Paragraph 15, Home & Home denies the allegations of said Paragraph.

16. In response to Paragraph 16, Home & Home denies the allegations of said Paragraph.

17. In response to Paragraph 17, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

## STATEMENT OF FACTS

18. In response to Paragraph 18, Home & Home denies the allegations of said Paragraph.

19. In response to Paragraph 19, Home & Home denies the allegations of said Paragraph.

20. In response to Paragraph 20, Home & Home admits that Plaintiff was hired in 2006 to work at its' business located at 31-85 Whitestone Expressway, Flushing, NY 11354. Except as so stated, Home & Home denies the allegations of said Paragraph.

21. In response to Paragraph 21, Home & Home admits the allegations of said Paragraph.

22. In response to Paragraph 22, Home & Home states that the allegations of said Paragraph are not susceptible of answer because they are vague and, therefore denies the allegations of said Paragraph.

23. In response to Paragraph 23, Home & Home denies the allegations of said Paragraph.

24. In response to Paragraph 24, Home & Home admits the allegations of said Paragraph.

25. In response to Paragraph 25, Home & Home admits the allegations of said Paragraph.

26. In response to Paragraph 26, Home & Home denies the allegations of said Paragraph.

27. In response to Paragraph 27, Home & Home denies the allegations of said Paragraph.

28. In response to Paragraph 28, Home & Home admits the allegations of said Paragraph.

29. In response to Paragraph 29, Home & Home admits that Plaintiff was paid a salary. Except as so stated, Home & Home denies the allegations of said Paragraph.

30. In response to Paragraph 30, Home & Home admits the allegations of said Paragraph.

31. In response to Paragraph 31, Home & Home denies the allegations of said Paragraph.

32. In response to Paragraph 32, Home & Home denies the allegations of said Paragraph.

33. In response to Paragraph 33, Home & Home denies the allegations of said Paragraph.

34. In response to Paragraph 34, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

35. In response to Paragraph 35, Home & Home denies the allegations of said Paragraph.

36. In response to Paragraph 36, Home & Home denies the allegations of said Paragraph.

37. In response to Paragraph 37, Home & Home denies the allegations of said Paragraph.

38. In response to Paragraph 38, Home & Home denies the allegations of said Paragraph.

## COLLECTIVE ACTION ALLEGATIONS

39. In response to Paragraph 39, Home & Home denies the allegations of said Paragraph.

40. In response to Paragraph 40, Home & Home denies the allegations of said Paragraph.

41.  In response to Paragraph 41, Home & Home admits that Plaintiff brings this action individually and purportedly on behalf of all other and former non-exempt employees who were employed by Defendants for up to the last three years, through entry of judgment in this case.  Except as so stated, Home & Home denies that there are "Collective Action Members" or members of a "Class," and otherwise denies the allegations of said Paragraph.

42.  In response to Paragraph 42, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required.  Except as so stated, Home & Home denies that there are "Collective Action Members" or members of a "Class," and otherwise denies the allegations of said Paragraph.

43.  In response to Paragraph 43, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required.  Except as so stated, Home & Home denies the allegations of said Paragraph.

44.  In response to Paragraph 44, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required.  Except as so stated, Home & Home denies the allegations of said Paragraph.

45. In response to Paragraph 45, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

46. In response to Paragraph 46, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

47. In response to Paragraph 47, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

48. In response to Paragraph 48, Home & Home denies the allegations of said Paragraph.

## CLASS ACTION ALLEGATIONS

49. In response to Paragraph 49, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

50. In response to Paragraph 50, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies that there are members of a "Class," and otherwise denies the allegations of said Paragraph.

51. In response to Paragraph 51, Home & Home denies the allegations of said Paragraph.

52. In response to Paragraph 52, Home & Home denies the allegations of said Paragraph.

53. In response to Paragraph 53, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

54. In response to Paragraph 54, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

55. In response to Paragraph 55, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

56. In response to Paragraph 56, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

### STATEMENT OF CLAIM

### COUNT 1
**Violations of the Fair Labor Standard Act – Overtime Wage
Brought on behalf of the Plaintiffs and the FLSA Collective**

57. In response to Paragraph 57, Home & Home repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 56 above as if set forth in full herein.

58. In response to Paragraph 58, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

59. In response to Paragraph 59, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

60. In response to Paragraph 60, Home & Home denies the allegations of said Paragraph.

61. In response to Paragraph 61, Home & Home denies the allegations of said Paragraph.

62. In response to Paragraph 62, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

63. In response to Paragraph 63, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

64. In response to Paragraph 64, Home & Home denies the allegations of said Paragraph.

**COUNT II**
**Violation of New York Labor Law – Overtime Pay**
**Brought on behalf of Plaintiffs and the Rule 23 Class**

65. In response to Paragraph 65, Home & Home repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 64 above as if set forth in full herein.

66. In response to Paragraph 66, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required.

Except as so stated, Home & Home denies the allegations of said Paragraph.

67. In response to Paragraph 67, Home & Home denies the allegations of said Paragraph.

68. In response to Paragraph 68, Home & Home denies the allegations of said Paragraph.

69. In response to Paragraph 69, Home & Home denies the allegations of said Paragraph.

### COUNT III
### Violation of New York Labor Law – Spread of Time Pay
### Brought on behalf of Plaintiffs and the Rule 23 Class

70. In response to Paragraph 70, Home & Home repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 69 above as if set forth in full herein.

71. In response to Paragraph 71, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

72. In response to Paragraph 72, Home & Home denies the allegations of said Paragraph.

### COUNT IV
### Violation of New York Labor Law –
### Time of Hire Wage Notice Requirement

91. In response to Paragraph 91, Home & Home repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 72 above as if set forth in full herein.

92. In response to Paragraph 92, Home & Home neither admits nor denies the allegations of said Paragraph because they state a legal conclusion to which no response is required. Except as so stated, Home & Home denies the allegations of said Paragraph.

93. In response to Paragraph 93, Home & Home denies the allegations of said Paragraph.

94. In response to Paragraph 94, Home & Home denies the allegations of said Paragraph.

95. In response to Paragraph 95, Home & Home denies the allegations of said Paragraph.

## Prayer For Relief

Home & Home denies any allegations contained in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted and therefore must be dismissed with prejudice.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations and/or by the doctrine of estoppel, waiver, unclean hands and/or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable exemptions under the FLSA and NYLL.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages or, if any, *de minimis* damages that are not actionable under the FLSA or NYLL.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot properly serve as a representative of other persons, and his claims cannot properly be joined with those of any potential opt-ins.

### SIXTH AFFIRMATIVE DEFENSE

The classification of Plaintiff's position and any other actions were in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

Any allege violation by Defendant was not willful.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant did not suffer or permit Plaintiff to work in violation of the Fair Labor Standards Act or the NYLL, and Plaintiff is not entitled to overtime for hours he claims to have worked that were not suffered and permitted by Defendant.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by any exclusions, exceptions, credits, or offsets permissible under the FLSA and the NYLL, including a set-off for any compensation or funds paid to which he was not entitled.

### TENTH AFFIRMATIVE DEFENSE

Any time spent by Plaintiff in any preliminary or post-liminary activity is excluded from compensable hours of work.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff spent more than 80% of his time performing exempt work.

### TWELTH AFFIRMATIVE DEFENSE

Defendant denies every allegation, whether expressed or implied, that it has not unequivocally and specifically admitted in the Answer.

Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during the

discovery proceedings in this case and hereby reserves its right to amend this answer to assert additional defenses.

 **WHEREFORE**, Defendant respectfully requests the Court to dismiss Plaintiff's Complaint with prejudice and costs.

           **PASHMAN STEIN WALDER HAYDEN, PC**
           A Professional Corporation
           Court Plaza South
           21 Main Street, Suite 200
           Hackensack, NJ 07601
           (201) 488-8200
           Attorneys for Defendant
           Home & Home Corporation

        **By:**  */s/ Maxiel L. Gomez*
           Maxiel L. Gomez, Esq.

**Dated: November 2, 2017**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IK HO CHOI, individually and on behalf of all others similarly situated<br><br>                  Plaintiff,<br><br>v.<br><br>HOME & HOME CORP., GI JOON KEY, and IN YONG LEE,<br><br>                  Defendants. | Civil Action No.: 16-2267(DRH)(AYS)<br><br>**CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that a true and correct copy of the foregoing Answer of Defendant Home & Home Corporation has been filed and served via Electronic Case Filing and U.S. Mail, First Class, postage pre-paid, on November 2, 2017 on counsel for Plaintiff, Ik Ho Choi at the address listed below:

Philip Kim, Esq.
Hang & Associates, PLLC
136-18 39th Avenue, Suite 1003
Flushing, NY 11354
pkim@hanglaw.com

                                  **PASHMAN STEIN WALDER HAYDEN, PC**
                                  A Professional Corporation
                                  Court Plaza South
                                  21 Main Street, Suite 200
                                  Hackensack, NJ 07601
                                  (201) 488-8200
                                  Attorneys for Defendant
                                  Home & Home Corporation

                        **By:**    */s/ Maxiel L. Gomez*
                                  Maxiel L. Gomez, Esq.

**Dated: November 2, 2017**