UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IK HO CHOI, <br><br> Plaintiff, <br><br> v. <br><br> HOME & HOME CORP., GI JOON KYE, and IN YONG LEE <br><br> Defendant. | 17-cv-05400 (ARR) (SMG) <br><br> **Opinion & Order** <br><br> Not for electronic or print publication |

ROSS, United States District Judge:

This is an action by Ik Ho Choi ("plaintiff" or "Mr. Choi") for overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"). Plaintiff was an employee at Home & Home Corp. ("defendant" or "Home & Home Corp."), a furniture, electronics and supply store in Queens, from 2006 through 2017.

Home & Home Corp. has moved for summary judgment on the grounds that plaintiff is exempt from receiving overtime under either the executive exemption or the administrative exemption. For the following reasons, defendant's motion for summary judgment is denied.

## BACKGROUND

Mr. Choi was employed by Home & Home Corp. from January 2006 to August 2017. Pl.'s 56.1 Resp. ¶ 1, ECF No. 40. When hired, he worked as a "general employee." *Id.* ¶ 2. In approximately 2011, he was promoted to "team leader" for the "Restaurant Supplies Department." *Id.* ¶ 3. He later also became "team leader" for the "Living Culture Team." *Id.* ¶ 4. In April 2016, he was promoted to "assistant branch manager." *Id.* ¶ 5.

1

When Mr. Choi was first hired, his salary was $35,000 annually. *Id.* ¶ 18. For some time after that, he was paid between $42,000 and $45,000 annually. *Id.* For the last five to six months of his employment at Home & Home Corp., Mr. Choi's annual salary was $47,000. *Id.*

Defendant contends that Mr. Choi supervised four staff members when he was a team leader, and that he supervised additional staff members as an assistant branch manager. *Id.* ¶¶ 4–6. Plaintiff contends that he did *not* supervise any staff members, but did train two employees on operating a forklift for a few months. *Id.* The parties also disagree about whether plaintiff set vacation days or schedules for other staff members. *Id.* ¶¶ 11–12. Defendant alleges that plaintiff could offer opinions about hiring and firing other employees, but plaintiff contests this. *Id.* ¶ 13.

The parties agree that plaintiff filled out purchase orders, as well as monthly reports and sales analysis. *Id.* ¶¶ 7–10. They disagree on how much discretion he had in these tasks and how important they were as a part of his day-to-day job duties. *Id.* The parties agree that Mr. Choi's job duties included operation of a forklift. *Id.* ¶ 15. Plaintiff alleges that he spent four hours a day operating the forklift. *Id.*

Defendant alleges that Mr. Choi worked at the company's office, where he had a desk and a computer. *Id.* ¶ 14. Mr. Choi maintains that he worked at the store, not in an office. *Id.*

Mr. Choi signed forms entitled "Notice and Acknowledgement of Pay Rate and Payday" throughout his employment. *Id.* ¶ 17. The forms were in English. *Id.*

On September 14, 2017, plaintiff filed this case against the defendant alleging overtime wage violations, as well as violations of NYLL's spread of hours requirement and wage notification requirement. Compl., ECF No. 1. On July 24, 2019, defendant filed this motion for summary judgment. Def.'s Mot., ECF No. 36.

## DISCUSSION

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the court is not to resolve disputed factual issues but to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and ellipsis omitted) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

In assessing whether summary judgment is appropriate, the court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) (quoting *In re Bennett Funding Grp., Inc.*, 336 F.3d 94, 99 (2d Cir. 2003)); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party carries the burden of proving that there is no genuine dispute respecting any material fact and "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223–24 (2d Cir. 1994). Once this burden is met, in order to avoid the entry of summary judgment, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998) (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525–26 (2d Cir. 1994)). In reviewing the record before it, "the court is required to resolve all ambiguities

and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997).

## B. **FLSA Overtime and Its Exemptions**

Under the FLSA, employers are required to pay employees overtime compensation for all time worked in excess of 40 hours per week, unless the employee falls under an enumerated exemption. 29 U.S.C. § 207(a)(1).[1] Because the FLSA is a remedial act, its exemptions are to be narrowly construed, and the employer bears the burden of demonstrating that an employee falls under a specific exemption. *See Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (citing *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991)).

Defendant alleges that plaintiff is exempt from overtime under two exemptions: the executive exemption and the administrative exemption.

### 1. The Executive Exemption

The FLSA executive exemption applies to "any employee employed in a bona fide executive . . . capacity." 29 U.S.C. § 213(a)(1). The FLSA does not define what it means to work in an "executive capacity" but instead directs the Secretary of Labor to define and delimit that term through regulations. *See Ramos*, 687 F.3d at 559 (citing § 213(a)(1)); *Tamayo v. DHR Rest. Co.*, No. 14 Civ. 9633 (GBD), 2017 WL 532460, at *5 (S.D.N.Y. Feb. 3, 2017) (citing *Ramos*, 687 F.3d at 559). The Department of Labor ("the DOL") has defined "employee employed in a bona fide executive capacity" to mean any employee:

(1) Who is compensated on a salary basis at a rate of not less than $455[2] per week . . .

---

[1] The NYLL also mandates overtime pay and contains the same exemptions as the FLSA, with the exception of a different salary requirement. The Second Circuit thus engages in a single analysis under the FLSA to resolve both FLSA and NYLL claims, and I will do the same here. *See Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 556 n.1 (2d Cir. 2012); *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 78 (2d Cir. 2003); *Awan v. Durrani*, No. 14-cv-4562 (SIL), 2015 WL 4000139, at *9 (E.D.N.Y. July 1, 2015); *Martinez v. Hilton Hotels Corp.*, 930 F. Supp. 2d 508, 519 (S.D.N.Y. 2013).

[2] New York's salary requirement was $825.00 per week on or after December 31, 2016. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(3) Who customarily and regularly directs the work of two or more other employees; and

(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a) (2016). The question of whether an employee falls under the executive exemption is a mixed question of fact and law—i.e., how the employee spent his time working is a question of fact, while whether the employee's activities exclude him from overtime benefits is a question of law. *See Ramos*, 687 F.3d at 558 (first citing *Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010); then citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)); *Tamayo*, 2017 WL 532460, at *5 (citing *Ramos*, 687 F.3d at 558). "Because whether an employee is exempt from the overtime pay provisions is a fact intensive inquiry, even where there has been full discovery, courts are often reluctant to grant summary judgment based on an exemption." *Carhuapoma v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11 Civ. 8670(JPO)(RLE), 2013 WL 1285295, at *7 (S.D.N.Y. Mar. 29, 2013) (citations, brackets, and internal quotation marks omitted).

The parties agree that element (1) is satisfied, *see* Pl.'s 56.1 Resp. ¶ 18, but they disagree over the applicability of elements (2), (3), and (4). I address each element in turn.

    *i. Primary Duty of Management*

The DOL regulations define "management" to include a range of activities, such as:

interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees;

5

> determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102.

The DOL regulations define "primary duty" as "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). The regulations provide the following list of nonexclusive factors to be considered in determining whether an employee's primary duty is management: (1) the amount of time spent on exempt versus nonexempt work; (2) "the employee's relative freedom from direct supervision"; (3) "the relative importance of the [employee's] exempt duties as compared with other types of duties"; and (4) "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.*

Turning to the first factor, the amount of time an employee spends performing exempt work "can be a useful guide in determining whether exempt work is the primary duty of an employee." § 541.700(b). "[E]mployees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement," *id.*, but employees who spend less than 50 percent of their time on exempt work may still fall under the executive exemption if other factors support such a conclusion. *See Tamayo*, 2017 WL 532460, at *6 (citing § 541.700(b)); *Carhuapoma,* 2013 WL 1285295, at *9–10.

Plaintiff contends that his "primary duties, accounting for 90% of [his] work time, included operating a forklift, receiving and unloading merchandise[], and on-the-floor sales." Choi Decl. Ex. 3, ¶ 7, ECF No. 39-3. He further states that "employees' work schedule, sales analysis, monthly reports, and purchase order[s] occupied only a small fraction of my time at work[.]" *Id.* ¶ 8.

6

Defendant has a different account of Mr. Choi's job responsibilities, but on summary judgment, I am required to draw all inferences in favor of the non-moving party. Therefore, for the purposes of this motion, this factor weighs against a determination that Mr. Choi's primary duty was management. However, this factor alone is not determinative, as under some circumstances, an employee who spends 90% of her time on nonexempt work may still meet the criteria for the executive exemption. *See Scott v. SSP Am., Inc.*, No. 09–CV–4399 (RRM)(VVP), 2011 WL 1204406 (E.D.N.Y. Mar. 29, 2011).

Turning to the second factor, an employee who is free from supervision is more likely to be a manager. Again, the parties tell divergent stories. Defendant contends that Mr. Choi had extensive discretionary authority, including managing purchasing and merchandising for his departments, preparing monthly reports and sales analysis, and negotiating prices with vendors without approval from the general manager. Pl.'s 56.1 Resp. ¶ 7–10. Plaintiff admits that he filled out purchase orders and prepared monthly reports, but denies that he had much discretion in completing these tasks. *Id.* He denies that he was able to set prices with vendors without approval from the general manager. *Id.* Given these disputes of material fact, this factor also does not support a determination that Mr. Choi's primary duty was management.

The third factor is relative importance of exempt duties. In determining whether an employee's managerial duties were more important to the defendant than the employee's nonmanagerial duties, courts in the Second Circuit have looked at whether the business could operate successfully without the employee performing the purported managerial functions. *See, e.g.*, *Tamayo*, 2017 WL 532460, at *6. Because the relative importance of an employee's exempt and nonexempt duties is a fact-specific inquiry, numerous courts have declined to make this determination at the summary-judgment stage. *See id.*; *see also Carhuapoma,* 2013 WL 1285295,

7

at *11 (citing *Indergit v. Rite Aid Corp.*, Nos. 08 Civ. 9361(PGG) and 08 Civ. 11364(PGG), 2010 WL 1327242, at *6 (S.D.N.Y. Mar. 31, 2010)).

Defendant alleges "managerial responsibilities such as ordering merchandise are clearly more crucial to running his specific departments than driving a forklift." Def.'s Br. 9. But there is little evidence in the record to support this conclusory statement. Filling out purchase orders is important to running a store, but so is physically putting merchandise on the shelves. The record does not indicate which of Mr. Choi's responsibilities were more important. Therefore, this factor also weighs against summary judgment.

The final factor is the comparison between the plaintiff's salary and other employee salaries. There not enough evidence in the record to make a determination on this factor.

At this stage in litigation, drawing all reasonable inferences in favor of the plaintiff, none of the four factors favor a determination that Mr. Choi's primary duty was management.

   *ii. Directing the Work of Two or More Employees*

The other two elements of the executive exemption are also disputed. Element three of the executive-exemption test requires the exempt employee to "customarily and regularly direct[] the work of two or more other employees." 29 C.F.R. § 541.100(a)(3). According to the DOL, "[t]he phrase 'customarily and regularly' means greater than occasional but less than constant; it includes work normally done every workweek, but does not include isolated or one-time tasks."

Defendant maintains that plaintiff supervised several staff members. To support this position, defendant points to evidence including an organizational chart, which indicates that team leaders and assistant branch managers supervise employees, Boyan Decl., Ex. B., ECF No. 37, and Home & Home Corp.'s general manager's testimony that assistant managers and team leaders

8

supervise employees. Maeng Decl., Testimony of Heetae Jung, Ex. 2, 30:14–23; 31:13–16, ECF No. 41-2

But plaintiff testified that he did not supervise any employees. Maeng Decl., Ex. 1, Choi Test., 77:2–22, ECF No. 41-1. He stated that the closest he came to supervising was teaching two employees to operate a forklift, but that other than that, "supervising is done by the general manager." *Id.*

Thus, there a factual dispute between the parties regarding whether plaintiff customarily and regularly directed the work of two or more employees. *See Karropoulos v. Soup du Jour, Ltd.*, 128 F. Supp. 3d 518, 534 (E.D.N.Y. 2015) ("[T]his conflicting testimony [regarding Plaintiff's authority over staff] presents a genuine issue of material fact that precludes the Court from finding as a matter of law that the Plaintiff satisfies the third factor.").

### iii.   *Recommendations Given Particular Weight*

Finally, an exempt executive must have "the authority to hire or fire other employees," or the executive's "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees" must be given "particular weight." 29 C.F.R. § 541.100(a)(4). In determining whether an employee's recommendations carry "particular weight," courts are to consider whether the recommendations are part of the employee's job duties, and the frequency with which such recommendations are made and relied upon. § 541.105 (noting that an occasional suggestion is insufficient to meet the "particular weight" requirement). "An employee's suggestions and recommendations may still be deemed to have 'particular weight' even if a higher-level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status." *Id.*

According to defendants, "In his positions as Team Leader and Assistant Branch Manager, Plaintiff could offer opinions about staffing needs which would then be discussed with the general manager." Def.'s Br. 13. But apparently Mr. Choi never once offered such an opinion. *See* Def.'s Reply 4. Mr. Choi testified that the general manager interviewed and selected job candidates. Maeng Decl., Ex. 1, Choi Test. 37:17–25 His declaration states that he did not "offer opinions about the hiring and firing of any employee[.]" Maeng Decl., Ex. 3, Choi Decl. ¶ 6. Furthermore, the general manager's testimony, which states that Mr. Choi could offer opinions, does not indicate that his opinions would be given particular weight, but only, "We all can discuss it." Boyan Decl., Jung Test., Ex. I, 48:3–13.

Moreover, defendants are incorrect in their characterization that "The issue here, as delineated by the criteria for the Executive Exemption, is not whether Plaintiff actually *did* offer any opinions as to hiring and firing, but whether he could make these recommendations on the basis of his managerial position with the company." Def.'s Reply 4. Per the regulation, "the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon" are part of the analysis. 29 C.F.R. § 541.105; *see also Costello v. Home Depot USA, Inc.*, 928 F. Supp. 2d 473, 489 (D. Conn. 2013). The fact that there is no evidence that Mr. Choi ever offered an opinion on hiring or firing, let alone that such opinions would be given particular weight, precludes summary judgment on this factor.

While the first element is met, there are disputes of material fact as to the other three elements. Therefore, I cannot say that Mr. Choi falls under the executive exemption as a matter of law, and defendant's motion for summary judgment on this ground is denied.

### 2. The Administrative Exemption

The second exemption defendant alleges applies to Mr. Choi is the administrative exception, which applies to "any employee employed in a bona fide . . . administrative . . . capacity." 29 U.S.C. § 213(a)(1). An employee works in a bona fide administrative capacity if (1) he is "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week," (2) his "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (3) his "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).

Here, the parties do not dispute that Mr. Choi meets the salary requirements, but the other two elements are in question, because, as explained above, that the parties dispute what Mr. Choi's primary duties were. *See supra* pages 6–8. It is plaintiff's position that his "primary duties, accounting for 90% of [his] work time, included operating a forklift, receiving and unloading merchandise[], and on-the-floor sales." Choi Decl., Ex. 3, ¶ 7. He contends that "employees' work schedule, sales analysis, monthly reports, and purchase order[s] occupied only a small fraction of [his] time at work[.]" *Id.* ¶ 8. He contends that he had very little discretion in performing those tasks. *Id.* ¶ 8–9. Defendant disputes all these claims, claiming that Mr. Choi's "primary duties were managerial" and that he "performed significant functions that related to overall mode of operation." Def.'s Br. 11–12.

The primary-duty determination is highly context specific and depends "on all the facts in a particular case." *Id.* § 541.700(a). Where, as here, the plaintiff's primary duties are disputed, summary judgment is improper, on either the executive or administrative exemptions.

### C. <u>NYLL Spread of Hours</u>

Pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4: "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage . . . for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur." The law exempts employees who work in an "executive, administrative, or professional capacity." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(4).

Defendant argues that Mr. Choi is exempt from the NYLL spread of hours requirement because he works in an executive and/or administrative capacity. As discussed above, there are material disputes as to whether Mr. Choi's work qualifies as executive or administrative. For this reason, summary judgment as to his NYLL spread of hours claim is also denied.

### D. <u>NYLL Wage Notice Requirement</u>

New York Labor Law imposes certain notice requirements on employers. One such requirement is that each employer "provide his or her employees, in writing in English and in the language identified as the primary language of the employee, at the time of hiring, a notice containing" certain information, including the employee's "rate or rates of pay and basis thereof." N.Y. Lab. Law § 195(1)(a) (2014). This requirement was first enacted in 2011, and is not retroactive. *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 143–44 (2d Cir. 2013). However, the requirement does apply to workers who were hired before 2011, but whose wage rate subsequently changed. *See Perez v. Platinum Plaza 400 Cleaners, Inc.*, No. 12 CIV. 9353(PAC), 2015 WL 1881080, at *4 (S.D.N.Y. Apr. 24, 2015); *Cuzco v. F & J Steaks 37th St. LLC*, No. 13CV1859 (PAC), 2014 WL 2210615, at *4 (S.D.N.Y. May 28, 2014).

Mr. Choi was hired before 2011, but his wage rate subsequently changed. *See* Pl. 56.1 Resp. ¶ 18. Defendants have submitted an English language form entitled "Notice and

12

Acknowledgement of Pay Rate and Payday" signed by Mr. Choi in 2012. Boyan Decl., Ex. J, ECF No. 37. The form is incomplete: the plaintiff did not indicate what his primary language was. *Id.* Plaintiff states in his declaration that his primary language is Korean, Choi Decl., Ex. 3, ¶ 12, and his deposition was conducted with the aid of a Korean interpreter. *See* Choi. Test., Ex. A, ECF No. 37. Though Mr. Choi signed the English wage notice, that is not dispositive as to whether § 195(1)(a) was complied with. *See Agudelo v. E & D LLC*, No. 12 CV 0960(HB), 2012 WL 6183677, at *6 (S.D.N.Y. Dec. 11, 2012) ("[I]f his primary language is Spanish, then § 195.1 entitles him to notice in Spanish."). Therefore, I deny summary judgement as to Mr. Choi's wage notice claim.

## CONCLUSION

For the reasons stated in this opinion, disputed issues of material fact preclude a determination that Mr. Choi qualifies for the executive or administrative exemptions, or that he was properly provided with wage notices in accordance with § 195(1)(a). Defendant's motion for summary judgment is denied.

SO ORDERED.

                                                                                      /s/_____
                                                                                     Allyne R. Ross
                                                                                     United States District Judge

Dated:    September 3, 2019
             Brooklyn, New York